IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIAJACQUELINE DICENT a/k/a,  :
MARIA J. DISEN, a/k/a           :
MARIA JIMENEZ DISEN-COLON,      :
                                :
            Plaintiff,          :
                                :
    v.                          :    3:25-CV-406
                                :    (JUDGE MARIANI)
LAND HOME FINANCIAL             :
SERVICES, INC. and MAGERICK, LLC, :
                                :
            Defendants.         :

## MEMORANDUM OPINION

On April 3, 2026, this Court adopted Magistrate Judge Susan Schwab's Report and Recommendation ("R&R") (Doc. 24) and dismissed Plaintiff's Complaint without prejudice to the filing of an Amended Complaint within 28 days of the Court's Order. (Doc. 26). The Court warned Plaintiff that "[f]ailure to file an Amended Complaint may result in the dismissal of the above-captioned action." (*Id.* at ¶ 5). Plaintiff's Amended Complaint was thus due on or before May 1, 2026.

As of the date of this Memorandum Opinion and accompanying Order, Plaintiff has not filed an Amended Complaint, a motion for an extension of time to do so, or any other document of record indicating a desire to move this case forward.

Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (recognizing that a district court may *sua sponte* dismiss an action for failure to prosecute); *Iseley v. Bitner*, 216 F.App'x 252, 254-255 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)") (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-631 (1962)). *See also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[w]hile a District Court may dismiss a case sua sponte, . . . it should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.") (internal citation omitted). The Third Circuit has recognized that a plaintiff's failure to comply with a Court order directing the plaintiff to file an amended complaint may form the basis for a District Court's *sua sponte* dismissal of the action for failure to prosecute. *See Azubuko v. Bell Nat'l Org.*, 243 F.App'x 728 (3d Cir. 2007); *see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp., LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible."); *Salley v. Beard*, 245 F.App'x 202, 204 (3d Cir. 2007) ("A district court may dismiss an action *sua sponte* as a sanction for failure to abide by court orders.").

Prior to dismissing an action for failure to prosecute, a Court generally must weigh the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Company.* Specifically,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). Instead, the "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." *Poulis,* 747 F.2d at 870.[1]

In the present action, the *Poulis* factors weigh in favor of dismissal of this action. Plaintiff has not taken the necessary steps to pursue this action. As previously stated, Plaintiff has failed to timely file an amended complaint or any other document indicating that she intends to pursue this action. Where Plaintiff is proceeding *pro se*, the responsibility for her failure to prosecute this action falls squarely on her. In addition, the Court warned

---

[1] Although the Court will undertake an analysis of the factors set forth in *Poulis,* the Court notes that when a litigant's conduct makes adjudication of the case impossible, "balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat'l Org.,* 243 F.App'x 728, 729 (3d Cir. 2007) (citing *Guyer v. Beard,* 907 F.2d 1424, 1429-1430 (3d Cir. 1990); *Spain v. Gallegos,* 26 F.3d 439, 454-455 (3d Cir. 1994). Here, Plaintiff's Complaint was dismissed by this Court. Her failure to file an Amended Complaint leaves this Court without any operative pleading in this action, making adjudication of this matter impossible.

Plaintiff that failure to file to an amended complaint may result in dismissal of this action. *See e.g., Dickens v. Danberg*, 700 F.App'x 116, 118 (3d Cir. 2017) ("The District Court properly balanced the *Poulis* factors here. First, the responsibility for Dickens' failure to participate in the litigation falls on him, as he proceeded pro se.").

The failure to file an amended complaint within the timeframe provided by the Court is a knowing and willful act because only Plaintiff can take the necessary steps to further this action. *See Hall v. Holman*, 265 F.App'x 135, 137 (3d Cir. 2008) (district court did not abuse its discretion where *pro se* plaintiff's conduct "was at least in willful disregard of his responsibilities as a *pro se* litigant."). This is particularly true given the Court's warning that failure to file an amended complaint by May 1, 2026, would result in dismissal of the action. *See Pruden v. SCI Camp Hill*, 252 F.App'x 436, 438 (3d Cir. 2007) ("The District Court dismissed the complaint without prejudice and allowed Pruden twenty days in which to file an amended complaint. Pruden failed to do so. Because Pruden decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed Pruden's complaint with prejudice."); *see id* (district court did not abuse its discretion where, as here, "[t]he District Court expressly warned [*pro se* prisoner] that the failure to amend his complaint would result in dismissal of the action with prejudice."). Plaintiff's lack of action implies, without any express statement, an intent to not proceed with the present action. *See Allen v. Am. Fed'n of Govt. Emp.*, 317 F.App'x 180, 181 (3d Cir. 2009) ("Allen's failure to file an amended

4

complaint plausibly signaled to the Court that he was not pursuing his claims. Moreover, the refusal to file an amended complaint, would have left the District Court uncertain of the contours of Allen's claims.").

The other *Poulis* factors also weigh in favor of dismissal of this action. Plaintiff's failure to file an amended complaint prevents this Court from advancing the case and prejudices defendants in that they are unable to properly prepare a defense, if necessary. In addition, because this action cannot proceed in the absence of a complaint which adequately pleads a cause of action, alternative sanctions, such as monetary sanctions, would not be effective in this case. Moreover, Plaintiff is proceeding *pro se* and *in forma pauperis* so alternative sanctions, such as monetary or discovery sanctions, would not be effective or applicable in this case. *See Dickens*, 700 F.App'x at 118 ("Fifth, the District Court properly found that it could not consider monetary sanctions as an alternative to dismissal, because Dickens was proceeding in forma pauperis."). Finally, the last *Poulis* factor – meritoriousness of the claim – also weighs in favor dismissal for the reasons set forth in Judge Schwab's R&R recommending that this action be dismissed.[2]

---

[2] The Court notes that, in an attempt to aid Plaintiff in properly filing an amended complaint and to advance this action, it referred the case to the Pro Bono Committee for the Middle District of Pennsylvania. (Doc. 27). On April 24, 2026, the pro bono coordinator informed the Court that he was unable to find a volunteer attorney to accept representation on behalf of Plaintiff. (Doc. 28).

For the afore-stated reasons, this action will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.  A separate Order follows.

Robert D. Mariani
United States District Judge